UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, )<br>as subrogee A.W. PERRY, INC., )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>RILEY BROTHERS, INC. AND )<br>THERMAL NORTH AMERICA, INC., )<br>       Defendants. )<br>)<br>and )<br>)<br>RILEY BROTHERS, INC., )<br>   Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>DUNAFF CONSTRUCTION, INC., )<br>   Third-Party Defendant. )<br>) | CIVIL ACTION NO. 08-10074 |

**DEFENDANT, THERMAL NORTH AMERICA, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT, RILEY BROTHERS, INC.'S, MOTION FOR RELIEF FROM JUDGMENT**

Now comes the Defendant, Thermal North America, Inc. (Thermal), and moves this Honorable Court to deny the Defendant, Riley Brothers, Inc.'s (Riley), Motion For Relief From Judgment. As grounds therefore, the Defendant, Thermal, states the following:

**FACTS**

The Defendant, Thermal North America, Inc., supplies steam for heating, hot water and operation of mechanical equipment to various users in the downtown Boston area. At all relevant times, the incident pipes were owned by Trigen-Boston Energy

Systems (Trigen). At all relevant times, Johnson Controls, Inc. (Johnson Controls) was hired to operate and maintain the steam system.

During the night of May 8, 2007, work was being performed on an underground gas line in the area of Devonshire and Franklin Streets in Boston, MA. The gas line was owned and operated by Keyspan. Riley was hired by Keyspan to perform this work. Riley hired a subcontractor, Dunaff Construction (Dunaff), to perform some of the excavation required. During Dunaff's excavation, a water service line was severed. The line was severed at approximately 7:15 p.m., and the leak was not stopped until approximately 1:00 a.m. Thermal was made aware of steam rising from the manholes in the area at about 12:30 a.m. on May 9, 2007. Johnson Controls immediately began pumping out the Trigen manholes on a continuous basis, as they were overflowing with water. The underground water reportedly did not subside until the afternoon of May 9, 2007. This type of steam release is termed an unregulated steam release.

The Plaintiff, Federal Insurance Company, was the insurer of a building located at 20 Winthrop Square. The Plaintiff alleged damages to the property of its insured as a result of the unregulated steam release.

Thermal maintained that nothing it did or failed to do caused the Plaintiff's damages as alleged. Thermal also maintained that it was not responsible for the operation and maintenance of its steam distribution system on May 8, 2007 or May 9, 2007.

**PROCEDURAL HISTORY**

On the morning of trial, June 29, 2009, counsel for the Defendant, Thermal, for reasons including but not limited to trial strategy, advised the Court that it was dismissing its crossclaim against Riley <u>without prejudice</u>, which the Court allowed. See Transcript of Pre-trial Matters and Remarks to Jury Venire, pages 4 & 5, attached hereto as Exhibit A. **Riley did not oppose that stipulation of dismissal without prejudice.** The Plaintiff, Federal, also dismissed its claims against Riley and Dunaff. The Defendant, Riley, also dismissed its claims against Dunaff.

The Court emphasized that the claims were dismissed without prejudice when it stated:

> THE COURT: And now let me jump to the bottom line. For purposes of our work today and working with the jury, Riley and Dunaff are out. **If Thermal gets tagged we'll see.** (Emphasis added) But for today it's a dismissal without prejudice. Right?
>
> MR. CULLEN: Yes, your Honor.

See Transcript of Pre-trial Matters and Remarks to Jury Venire, pages 4 & 5, attached hereto as Exhibit A.

As Mr. Cullen was answering the question, it was presumed that the Court dismissed all claims without prejudice. Riley and Dunaff raised no objection. In fact, Riley dismissed its claim

3

against Dunaff in the same manner that Thermal dismissed its claim against Riley. The rule, Rule 41(a)(2), states that an order of dismissal under the rule is without prejudice ``unless otherwise specified.''

After further discussion prior to empanelling the jury, the remaining case, Federal v. Thermal, settled.

**ARGUMENT**

Riley is not entitled to relief from judgment as it, Riley, suggests as the identity of the parties, the identity of the causes of action and there being no final judgment on the merits preclude Riley's requested relief.

The District Courts have ruled that Rule 60(b)(6) motions should only be granted where exceptional circumstances justifying extraordinary relief exist. *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001); *Ahmed v. Rosenblatt*, 118 F.3d 886, 891 (1st Cir. 1997). Riley's claims do not amount to the ``exceptional circumstances'' that would support ``extraordinary relief'' under Rule 60(b)(6).

First and foremost, it should not be lost on the Court that Riley agreed to dismissing the case without prejudice as it raised no objection to the Court entering that dismissal without prejudice. Riley had an obligation to oppose the entry of the stipulation of dismissal without prejudice at the time of its entry. Riley did not do so. In fact, Riley dismissed its claim against Dunaff without stipulating that said dismissal be with

4

prejudice.  Upon information and belief, Riley has filed a crossclaim against Dunaff in the state action ACE Case. Apparently, Riley seeks to have its cake and eat it too.

In Stanley *Works v. Alltrade, Inc.*, 2004 WL 367619, (D.Conn. Feb 23, 2004), the Court allowed a defendant, Olympia, to file a stipulation of dismissal without prejudice when it determined that ``[Olympia] seeks dismissal of certain counterclaims to facilitate the litigation.'' Id at 2.  Such was the case in the instant action.  It was evident at the time that the stipulations of dismissal entered at the time of trial were done so as part of trial strategy and done in an effort to streamline the jury trial.  These efforts resulted in a settlement of the remaining action.

The Defendant, Riley, mistakenly states that it is being subjected to a second round of litigation in the state action, Ace American Insurance Company v. Riley Brothers, Inc., et al, Suffolk Superior Court C. A. No. 2010-01252 (ACE Case).  See Complaint attached hereto as Exhibit B.  The Plaintiff in the ACE Case was not a party to the instant action filed by Federal in 2008.

The Defendant, Thermal, points out that it, Thermal, is not the insured of Ace Insurance Company.  Thermal was insured by AIG Insurance Company.  The insured of ACE Insurance Company is Trigen.  The subject matter of the ACE Case is damage to Trigen's pipes and resulting costs incurred.  The instant action involved a property damage claim by the Plaintiff, Federal, on behalf of its insured, A. W. Perry, Inc., the owner of a building that

5

allegedly incurred damage due to the steam release on May 8 & 9, 2007. Thus, the subject property claimed to be damaged and the plaintiffs claiming to be harmed are different in each action.

The entity suing Riley, is not Thermal, but rather Trigen, a separate and distinct entity from Thermal. The causes of action are not identical as the Defendant, Riley suggests. In the ACE Case, Riley is facing an action by a subrogated insurer separate and distinct from A. W. Perry, Inc., the property owner in the instant action.

As suggested by Trigen's counsel, Attorney Harrington, the Defendant, Riley, is attempting to enlist the Court in setting up a *res judicata* bar against ACE in the ACE Case. The Defendant, Thermal, incorporates and/or adopts the arguments set forth in the Opposition of Ace American Insurance Company to Riley Brothers' Motion for Relief from Judgment as if specifically set forth herein with respect to that issue.

WHEREFORE, The Defendant, Riley, respectfully requests that this Honorable Court deny the Defendant, Riley's Motion For Relief From Judgment.

>
> Respectfully submitted,
> The Defendant,
> Thermal North America, Inc.,
> By its Attorney,
>
> /s/   Steven M. O'Brien
> Steven M. O'Brien, Esq.
> BBO#  543942
> Long & Leahy
> 100 Summer Street, 29th Floor
> Boston, MA  02110
> Tel: (617) 439-4777

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed through the ECF system on July 19, 2010, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 19, 2010.

/s/ Steven M. O'Brien
Steven M. O'Brien, Esq.
BBO# 543942
Long & Leahy
100 Summer Street, 29th Floor
Boston, MA  02110
Tel : (617) 439-4777

Dated: July 19, 2010